IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK DAVENPORT,
    Plaintiff
    v.
GEORGE N. PATRICK, et al.,
    Defendants

Case No. 3:09-cv-323-KRG-KAP

## Report and Recommendation

### Recommendation

In December 2009, plaintiff Mark Davenport filed a complaint alleging that defendant employees of the Pennsylvania Department of Corrections violated his constitutional rights. Defendants filed a motion to dismiss, docket no. 10, which was referred to me after the death of Judge Hay. I recommend that the motion to dismiss be granted and the complaint dismissed for failure to state a federal claim without prejudice to plaintiff proceeding in state court on any state claims under 42 Pa.C.S.§ 5103.

### Report

Davenport is serving a 15-30 year sentence, currently at S.C.I. Smithfield. He alleges that when he was transferred from S.C.I. Houtzdale in May 2007 as a result of an attempted escape, his property was packed up and he was told that he would receive it when he was released into the general population at his next destination. After getting out of administrative custody at Smithfield after eleven months and 29 days in the R.H.U., Davenport alleges that he found most of his property gone. The Pennsylvania Department of Corrections' administrative grievance system has been

held to be a suitable postdeprivation remedy for claims of intentionally taken property. See e.g. Monroe v. Beard, 536 F.3d 198, 210 (3d Cir.2008). This would a fortiori make it suitable for ordinary claims of negligently lost property. Davenport argues, however, that because he was not allowed access to his property while in the R.H.U. he did not know of his loss and could not file a timely administrative grievance until long after DC-ADM 804's fifteen day time limit had run.

In Hudson v. Palmer, 468 U.S. 517, 533 (1984), the Supreme Court stated:

Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a **meaningful** postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the **state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy**. (footnote omitted and my emphasis added)

Because of the fifteen day period for filing grievances under DC-ADM 804, a time limit defendants do not indicate is subject to waiver or exception, the Department of Corrections' administrative grievance system may not be a "suitable postdeprivation remedy" for inmates in Davenport's situation.

Davenport, however, has a second postdeprivation remedy in state court for personal property which is lost or improperly destroyed, because Pennsylvania has waived sovereign immunity for

such claims[1]. 42 Pa.C.S.§ 8522(b)(3). See Marsh v. Ladd, 2004 WL 2457730, *3 (E.D.Pa.2004). This is superior in at least one respect to proceeding in federal court because to prevail on a claim under Section 1983 plaintiff would have to prove the personal responsibility of the individual defendants, a more difficult task than proceeding under state negligence law. Davenport asserts in his brief that he has no desire to bring a state law claim, but he does not have the option to choose his forum. The existence of an adequate state law remedy means, after Hudson v. Palmer, that there is no federal constitutional violation to litigate here.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: February 21, 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

> Mark Davenport EZ-2797
> S.C.I. Smithfield
> P.O. Box 999
> 1120 Pike Street
> Huntingdon, PA 16652

---

1. Pennsylvania waives immunity for negligence claims, and plaintiff's claim would be a negligence claim against Pennsylvania even if the action of some individual employee in destroying the property was intentional. If the plaintiff's property were destroyed due to some intentional policy of Pennsylvania's, then Zinermon v. Burch, 494 U.S. 113, 125-26 (1990), would give him a federal cause of action. Plaintiff does not allege that.

3